UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO., et al.,

                                    Plaintiffs,

    -against-                                    Docket No.: CV 11-02863
                                                                (RRM)(JO)
VILLAGE MEDICAL SUPPLY, INC., et al.,

                                    Defendants.
------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME IN WHICH TO SERVE THEIR SUMMONS AND COMPLAINT

**RIVKIN RADLER LLP**
Barry I. Levy (BL 2190)
Michael A. Sirignano (MS 5263)
Justin Calabrese (JC 5436)
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:    (516) 357-3000
Facsimile:    (516) 357-3333

*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

## PRELIMINARY STATEMENT

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs") respectfully submit this memorandum of law in support of their motion for an Order pursuant to Fed. R. Civ. P. 4(m) and 6(b), extending their time to serve the Summons and Complaint in this action upon Defendants Grigol Apresyantsi, Marifat Davlatkhonova and Teimuraz Ugrekhelidze (collectively the "Remaining Defendants") by 60 days.

Plaintiffs make this motion for good cause. Despite diligent efforts to effect service on the Remaining Defendants – including attempts at their last known addresses and attempts to locate the Remaining Defendants through database searches – Plaintiffs' process server has, to date, been unable to locate and serve the Remaining Defendants. However, if the Court will grant the requested 60-day extension, Plaintiffs expect that they will be able to locate and serve the Remaining Defendants through more extensive database searches or through the use of private investigators.

## STATEMENT OF RELEVANT FACTS

Plaintiffs respectfully refer the Court to the accompanying Declaration of Justin Calabrese ("Calabrese Decl.") for a complete statement of the facts that are pertinent to this motion. Briefly, however:

(i) The present action was commenced when Plaintiffs filed their Complaint on June 14, 2011. See Docket No. 1.

(ii) Immediately thereafter, Plaintiffs diligently began to effect service on the Defendants in this action, and successfully served five of the eight Defendants. See Docket Nos. 3-7.

(iii) Plaintiffs' process server diligently attempted to locate and serve the Remaining Defendants at their last known addresses, but the Remaining Defendants apparently no longer reside at those addresses.

(iv) Likewise, Plaintiffs' process server diligently has attempted to locate the Remaining Defendants using databases that – in the past – have proven useful in locating Defendants for purposes of service of process. However, the process server could not locate the Remaining Defendants using these databases.

(v) If the Court grants the requested 60-day extension, Plaintiffs plan to pursue additional approaches to effect service on the Remaining Defendants, including extensive additional database searches and the use of private investigators.

(vi) If these approaches prove unsuccessful in the immediate term, Plaintiffs intend to request, within the 60-day extension period, that the Court direct service through alternative means – including but not limited to service by publication – pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(5).

See Calabrese Decl. at ¶¶ 4-14.

## ARGUMENT

### I. The Standards on This Motion

Fed. R. Civ. P. 6(b) provides, in pertinent part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires … ."

Fed. R. Civ. P. 4(m) provides, in pertinent part, that:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) "allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause. If the plaintiff has shown good cause, the extension is mandatory." Blessinger v. United States, 174 F.R.D. 29, 30-31 (E.D.N.Y. 1997); see also Barban v. Rheem Textile Sys., 2002 U.S. Dist. LEXIS 25179 at * 2 (E.D.N.Y. 2002)("Under

Fed. R. Civ. P. 4(m), the court <u>must</u> grant an extension of the time to serve if the serving party shows 'good cause' for its failure to make timely service.")(Emphasis added).

In determining whether "good cause" exists, Courts consider "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." <u>Husowitz v. American Postal Workers Union</u>, 190 F.R.D. 53, 57 (E.D.N.Y. 1999).

## II. Plaintiffs Have Demonstrated "Good Cause" for Their Inability to Serve the Remaining Defendants Within the 120-Day Period

In the present case, Plaintiffs have demonstrated good cause for their inability to make timely service. First, as set forth in the Calabrese Decl., Plaintiffs attempted to serve the Remaining Defendants at their last known addresses, only to find that the Remaining Defendants no longer reside at these addresses. Plaintiffs then sought to locate the Remaining Defendants through database searches that – in the past – have proven useful in locating defendants for purposes of service of process. However, these databases were unavailing in this instance.

Under such circumstances, Plaintiffs have demonstrated a diligent effort to serve the Remaining Defendants. Courts have found good cause where a plaintiff made a diligent effort to serve a defendant, but was unable to locate the defendant within the 120-day period. <u>See, e.g.</u>, <u>United States SEC v. Shehyn</u>, 2005 U.S. Dist. LEXIS 26955 at * 9 - * 11 (S.D.N.Y. 2005)(noting "numerous cases that have found 'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern"); <u>Coleman v. Cranberry Baye Rental Agency</u>, 202 F.R.D. 106, 109 (N.D.N.Y. 2001)(good cause found where plaintiff made diligent efforts but could not locate party to be served).

Furthermore, the Remaining Defendants will not be prejudiced in any manner by the requested extension, inasmuch as the statute of limitations has not run on Plaintiffs' claims and will not run for several years. <u>See</u> Complaint, Docket No. 1, at ¶¶ 5 (alleging that the

3

Defendants' fraudulent scheme commenced in 2009); 59-65 (alleging RICO conspiracy claim against the Remaining Defendants, which carries a four-year statute of limitations); 79-85 (alleging aiding and abetting fraud claim against the Remaining Defendants, which carries a six-year statute of limitations). Even if Plaintiffs' claims against the Remaining Defendants were dismissed without prejudice pursuant to Rule 4(m), Plaintiffs simply could file a new, related action against the Remaining Defendants and re-start the 120-day clock. Such an action presumably would proceed in tandem with the present action, which Plaintiffs respectfully submit would be a waste of the Court's time and resources.

Accordingly, Plaintiffs have shown the requisite "good cause" to support a mandatory extension pursuant to Rule 4(m).

### III. To the Extent That the Court Determines That Plaintiffs Have Not Shown "Good Cause" for the Mandatory Extension, Plaintiffs Respectfully Request a Discretionary Extension

To the extent that the Court determines that Plaintiffs have not shown good cause sufficient to support the mandatory extension under Rule 4(m), Plaintiffs respectfully request the discretionary extension that is available under Rule 4(m). In determining whether to grant such a discretionary extension, Courts consider: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the 120-day provision. See, e.g., Terry v. Inc. Vill. of Patchogue, 2010 U.S. Dist. LEXIS 48664 at * 15 (E.D.N.Y. 2010).

In the present case, three of these factors militate in favor of a discretionary extension. First, as discussed above, none of the Remaining Defendants will be prejudiced by the requested

extension because the statutes of limitation on Plaintiffs' claims have not run. Thus, to the extent that Plaintiffs' claims against the Remaining Defendants were dismissed, Plaintiffs could simply re-file a new Complaint against the Remaining Defendants.

Second, the Remaining Defendants are on actual notice of the claims asserted against them. As alleged in the Complaint, Remaining Defendant Grigol Apresyantsi owns Defendant Grigol Supply, Inc., Remaining Defendant Marifat Davlatkhonova owns Defendant Hono Office Supply, Inc., and Remaining Defendant Teimuraz Ugrekhelidze owns Defendant GMM Supply, Inc. See Complaint, Docket No. 1, at ¶¶ 3, 9-14. Defendants Grigol Supply, Inc., Hono Office Supply, Inc., and GMM Supply, Inc. – which are owned by the Remaining Defendants – actually were served with the Summons and Complaint in this action. See Docket Nos. 4-6. Considering that the Remaining Defendants are the owners of several corporate entities that also are Defendants in this action, and since these corporate Defendants were served with the Summons and Complaint, it follows that the Remaining Defendants are aware of the claims asserted against them.

Third, and as noted above, the fact that the applicable statute of limitations would not bar a re-filed action actually weighs in favor of the requested extension. It does not seem efficient to dismiss the claims against the Remaining Defendants without prejudice, when Plaintiffs simply could commence a new action against the Remaining Defendants that presumably would proceed in tandem with the present case.

The final factor to be considered – whether a defendant has attempted to conceal a defect in service – is inapplicable in the present case, because Plaintiffs have not yet been able to effect any kind of service on the Remaining Defendants, defective or otherwise.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion should be granted in its entirety.

Dated: Uniondale, New York
October 12, 2011

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP

                                      By: _____/s/_____
                                            Barry I. Levy (BL 2190)
                                            Michael A. Sirignano (MS 5263)
                                            Justin Calabrese (JC 5436)
                                      926 RXR Plaza
                                      Uniondale, New York 11556-0926
                                      Telephone:   (516) 357-3000
                                      Facsimile:    (516) 357-3333

                                    *Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

6